UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

DONALD NATARELLI,

                          Plaintiff,                    6:07-CV-1130
                                                        (GTS/GJD)
v.

NEW YORK STATE OFFICE OF VOCATIONAL
AND EDUCATIONAL SERVICES FOR
INDIVIDUALS WITH DISABILITIES,

                          Defendant,

─────────────────────────────────────────────

APPEARANCES:                                   OF COUNSEL:

DONALD NATARELLI
  Plaintiff, *Pro Se*
257 Flint Avenue
Little Falls, NY 13365

HON. ANDREW M. CUOMO                            DEAN J. HIGGINS, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

        Currently before the Court in this employment discrimination action, filed *pro se* by

Donald Natarelli ("Plaintiff"), is a motion to dismiss for lack of subject-matter jurisdiction

pursuant to Fed. R. Civ. P. 12(b)(1), filed by the New York State Office of Vocational and

Educational Services for Individuals with Disabilities ("Defendant").  (Dkt. No. 58.)  For the

reasons set forth below, Defendant's motion is granted.

I.      **RELEVANT BACKGROUND**

A.      **Plaintiff's Claims**

Construed with the utmost of special solicitude, Plaintiff's Complaint alleges that

employees of New York State Office of Vocational and Educational Services for Individuals

with Disabilities ("VESID") discriminated against him based on his age and disability in

wrongfully closing his case after approximately a year of working with him to develop or reach

an individualized plan for employment.  (*See generally* Dkt. No. 1, ¶¶ 4, 5, 6 & Attachment.)

More specifically, Plaintiff alleges that, between approximately December 2006 and

October 2007, four employees of the VESID Office in Utica, New York, committed the

following acts: (1) Senior Counselor Patrick Sheppard discriminated against Plaintiff based on

his disability (which consisted of cancer, depression, and a generalized anxiety disorder) during

two meetings with him, one of which occurred on December 21, 2006; (2) Counselor Joe

Zamlowski discriminated against Plaintiff based on his age by informing him, during a session

with him at the Herkimer Working Solutions Career Center before June 16, 2007, that his age

would be a factor (among many employment factors) considered by "building principals" in

deciding whether to hire him for an entry level job while he was completing additional training

on the graduate level to obtain a teaching position; (3) Senior Counselor Judy Petroski

discriminated against Plaintiff based on his age on June 16, 2007, by learning of what Counselor

Joe Zamlowski had told Plaintiff and responding, "We'll give you that"; and (4) Regional

Coordinator John Tracy treated his "reports . . . [of] age discrimination . . . with depraved

indifference."  (*Id*. at ¶¶ 5, 6 & Attachment.)

Based on these factual allegations, Plaintiff asserts a violation of his rights under (1) the

Americans with Disabilities Act ("ADA "), (2) the Age Discrimination in Employment Act

("ADEA "), and (3) 42 U.S.C. § 1983 (and the Due Process Clause of the Fourteenth

Amendment).  (*Id*. at ¶¶ 5, 6 & Attachment.)[1]  As relief for these asserted violations, Plaintiff

seeks equitable relief, compensatory damages, punitive damages, and declaratory relief.  (*Id*. at ¶

7.)

### B.      Defendant's Motion

Generally, in support of its motion to dismiss, Defendant argues that the Court lacks

subject-matter jurisdiction over Plaintiff's claims against VESID because VESID, as an agency

of the State of New York, is protected from liability by the Eleventh Amendment under the

circumstances (in which New York has not waived its sovereign immunity by consenting to suit,

nor has Congress authorized such suit in the exercise of its power to enforce the Fourteenth

Amendment).  (*See generally* Dkt. No. 58, Attach. 1, at 2-4 [Def.'s Memo. of Law].)

Plaintiff's response to Defendant's motion was originally due on October 13, 2009.

(Text Notice filed Sept. 30, 2009.)  On September 30, 2009, the Court *sua sponte* extended this

response deadline until October 19, 2009.  (Text Notice filed Sept. 30, 2009.)  On October 7,

2009, Plaintiff requested a second extension of this deadline.  (Dkt. No. 63.)  On October 15,

2009, the Court granted that request, extending the deadline until November 2, 2009.  (Text

Order filed Oct. 15, 2009.)  On October 30, 2009, Plaintiff requested a third extension of this

deadline.  (Dkt. No. 66.)  On November 3, 2009, the Court granted that request, extending the

---

[1]      Familiarity with the other factual allegations supporting these claims in Plaintiff's
Complaint is assumed in this Decision and Order, which is intended primarily for review by the
parties.

deadline until November 13, 2009, and advising Plaintiff that the extension was "FINAL."  (Text

Order filed Nov. 3, 2009.)  On November 12, 2009, Plaintiff requested a fourth extension of this

deadline.  (Dkt. No. 67.)  On November 16, 2009, the Court denied that request as without cause.

(Text Order filed Nov. 16, 2009.)  Despite having been granted three extensions of time in which

to do so, Plaintiff failed to submit a timely response to Defendant's motion to dismiss.  Rather,

on December 9, 2009, he submitted that response–twenty-six (26) days after the expiration of the

deadline, which again had been extended three times.  (Dkt. No. 68.)

In his response, Plaintiff does not show good cause for a *nunc pro tunc* fourth extension

of the deadline as required by Fed. R. Civ. P. 16(b)(4).[2]  While special solicitude may serve to

loosen procedural rules,[3] it never completely relieves a *pro* se litigant of the duty to comply with

procedural rules.[4]  This is especially true where, as here, (1) the plaintiff knew of the procedural

---

[2]      *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause
and with the judge's consent."); N.D.N.Y. L.R. 7.1(b)(3) ("The Court shall not consider any
papers required under this Rule that are not timely filed or are otherwise not in compliance with
this Rule unless good cause is shown.").

[3]      *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191 (2d Cir. 2008) ("This
obligation entails, at the very least, a permissive application of the rules governing the form of
pleadings."); *see also Traguth*, 710 F.2d at 95 ("Implicit in the right to self-representation is an
obligation on the part of the court to make reasonable allowances to protect pro se litigants from
inadvertent forfeiture of important rights because of their lack of legal training.  [The right of
self-representation] should not be impaired by harsh application of technical rules.").

[4]      *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the
pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we
have never suggested that procedural rules in ordinary civil litigation should be interpreted so as
to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S.
806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with
relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470
F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with
relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*,
710 F.2d 90, 95 (2d Cir. 1983) ("[Pro se status] does not exempt a party from compliance with
relevant rules of procedural and substantive law . . . .") [internal quotation marks and citation

rule he violated (e.g., through the repeated Text Orders requiring a timely response from him),

and (2) disregarding that rule would prejudice both the Court and Defendant.  The Court notes

that, when Plaintiff submitted his response, the Court had already researched and drafted a

Decision and Order on Defendant's motion, and was merely finalizing it.  The Court notes also

that accepting Plaintiff's response for consideration would necessitate a reply by Defendant,

which would further prolong this aging action.  Finally, the Court notes that this action is so old

(having been filed on October 24, 2007) in part due to repeated extensions of special solicitude

to Plaintiff.[5]

      For these reasons, the Court declines to consider Plaintiff's untimely response, under the

circumstances.

## II.     RELEVANT LEGAL STANDARD

      Generally, "[t]he Eleventh Amendment . . . bars federal jurisdiction over a suit brought

against a state." *Nicolae v. NYS Office of Vocational and Educ. Servs. for Individuals with

Disabilities*, 04-CV-3512, 2005 WL 1311730, at *1 (E.D.N.Y. May 26, 2005) (citing *College

Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 [1999]),

*aff'd*, No. 06-5693, 2007 WL 4462429 (2d. Cir. Dec. 18, 2007).  "This bar extends not only to a

state, but also to entities considered arms of the state." *Nicolae*, 2005 WL 1311730, at *1 (citing

---

omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro
se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his
mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

     [5]     (*See*, *e.g.*, Dkt. No. 27 [Order appointing counsel to conduct independent
evaluation of the merits of Plaintiff's claims]; Dkt. No. 52 [Order granting Plaintiff's request for
in-person pretrial conference]; Dkt. No. 55 [Order assigning case to mediation program]; Text
Order of 10/15/09 [granting Plaintiff's request for extension]; Text Order of 11/3/09 [granting
Plaintiff's request for extension].)

*McGinty v. New York*, 251 F.3d 84, 95 [2d Cir. 2001]).  There are only two exceptions to

Eleventh Amendment immunity: "(1) a State may waive its sovereign immunity by consenting to

suit; and (2) Congress may authorize such a suit in the exercise of its power to enforce the

Fourteenth Amendment–an Amendment enacted after the Eleventh Amendment and specifically

designed to alter the federal-state balance."  *Id*. (citing *College Sav. Bank*, 527 U.S. at 670).

## III.   ANALYSIS

### A.     Analysis of Plaintiff's Claims

As stated above in Part I.B. of this Decision and Order, Defendant seeks the dismissal of

Plaintiff's claims because Defendant is protected from liability by the Eleventh Amendment,

under the circumstances.  After carefully considering this argument, the Court agrees for the

reasons stated by Defendant in its motion papers.  (*See* Dkt. No. 58.)

As an initial matter, the Court notes that, as explained above in Part I.B. of this Decision

and Order, Plaintiff failed to respond (in a timely fashion) to Defendant's motion to dismiss

despite having been granted three extensions of time in which to do so.  As a result, Defendant's

burden with regard to its motion is lightened such that, in order to succeed, it need only show its

entitlement to the relief requested in its motion, which has appropriately been characterized as a

"modest" burden.  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed

and the Court determines that the moving party has met its burden to demonstrate entitlement to

the relief requested therein . . . .");  *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1

n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).[6]  For the reasons stated by

---

[6]     *Cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10
n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to
argument made in summary judgment motion as to why certain claim should be dismissed

Defendant in its motion papers, the Court finds that Defendant has met this lightened burden.

(*See generally* Dkt. Nos. 58.)  In any event, the Court finds that Defendant's argument would

survive even the heightened scrutiny appropriate on a contested motion.

Moreover, even if the Court were to consider his response, the Court would not be

persuaded by it.  In his response, Plaintiff argues that the Eleventh Amendment does not bar his

claim arising under Title II of the ADA because (1) the Second Circuit found, in *Garcia v. SUNY*

*Health Servs. Ctr. of Brooklyn*, 280 F.3d 98 (2d Cir. 2001), that the Eleventh Amendment does

not bar a plaintiff's ADA Title II claim against a New York State entity to the extent that the

plaintiff shows that the Title II violation was motivated by either discriminatory animus or ill

will due to disability and (2) here, Plaintiff has alleged that the Title II violation was motivated

by either discriminatory animus or ill will due to disability.  (Dkt. No. 68.)  The Court rejects this

argument, under the circumstances.

As an initial matter, it is questionable whether the legal authority cited by Plaintiff

applies to this action.  In *Garcia*, the Court found that, because Title II of the ADA was enacted

pursuant to Congress's authority under Section 5 of the Fourteenth Amendment, the Eleventh

Amendment does not entirely bar a plaintiff's ADA Title II claim against the *State University of*

*New York* (i.e., to the extent that the Title II violation was motivated by either discriminatory

animus or ill will due to disability).  *Garcia*, 280 F.3d at 108, 111-12, 114.  From the Court's

review of the relevant case law, it does not appear that the Second Circuit has ever extended this

Eleventh Amendment analysis to a plaintiff's ADA Title II claim against *VESID*.  Indeed, four

years after issuing its decision in *Garcia*, the Court affirmed a district court decision that, *inter*

_____

constitutes abandonment of claim).

*alia*, dismissed a plaintiff's ADA Title II claim against VESID for lack of subject-matter

jurisdiction based on the Eleventh Amendment.  *Nicolae v. NYS Office of Vocational and Educ.*

*Servs. for Individuals with Disabilities*, 04-CV-3512, Memorandum and Order, at *3-4

(E.D.N.Y. filed June 1, 2005) (Block, J.) (dismissing the plaintiff's age-discrimination claim,

pursuant to Title II of the ADA, against VESID for lack of subject-matter jurisdiction because

VESID's sovereign immunity under the Eleventh Amendment had not been abrogated for

purposes of ADA),[7] *aff'd*, No. 06-5693, 257 F. App'x 455, 456-57 (2d. Cir. Dec. 18, 2007)

(summary order).[8]  In so doing, the Second Circuit expressly stated, "VESID's sovereign

immunity under the Eleventh Amendment has not been abrogated for purposes of [the plaintiff's

age-discrimination claim under] the ADA . . . ."[9]

One possible reason for this apparent evolution in Second Circuit case law could be a

perception of an intervening change of controlling law.  Specifically, in 2004, the Supreme Court

arguably replaced *Garcia*'s "discriminatory animus or ill will" with a test requiring that, for an

ADA Title II claim to overcome the Eleventh Amendment immunity, the Title II claim must

implicate a fundamental right under the Fourteenth Amendment (which does not include the

---

[7]      In his Memorandum & Order, Judge Block relied on *Wasser v. NYS Office of Vocational and Educ. Servs. for Individuals with Disabilities*, 01-CV-6788, 2003 WL 22284576, at *9 (E.D.N.Y. Sept. 30, 2003) ("VESID . . . is . . . immune from suit under the Eleventh Amendment.").

[8]      The Court cites this summary order to show the subsequent history of the district court's decision in accordance with Second Circuit Local Rule 32.1(c)(2).

[9]      The Court cites this summary order for two reasons: (1) for "persuasive value" in accordance with Second Circuit Local Rule 32.1(c)(1) and Advisory Committee Notes to Fed. R. App. P. 32.1[a]; and (2) to "acknowledge[ ] the continued precedential effect" of *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001), in accordance with Second Circuit Local Rule § 0.23 as applied by the Second Circuit in *Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003).

right against age discrimination).  *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004) ("Title II, as

it applies to the class of cases implicating the fundamental right of access to the courts,

constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth

Amendment.").[10]

In any event, even if the Court were to assume that *Garcia* does apply to Title II age-

discrimination claims against VESID, and even if the Court were to construe Plaintiff's

Complaint with the utmost of special leniency, the Court would find that Plaintiff's Complaint,

when construed with its attached hearing transcript (pursuant to Fed. R. Civ. P. 10[c]), does not

allege facts plausibly suggesting that there was a Title II violation that was motivated by either

discriminatory animus or ill will due to disability.  (*See* Dkt. No. 1.)  Title II of the ADA states

as follows: "Subject to the provisions of this subchapter, no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the benefits of

the services, programs, or activities of a public entity, or be subjected to discrimination by any

such entity."  42 U.S.C. § 12132.

Here, Plaintiff has failed to allege facts plausibly suggesting that any employee of VESID

took any steps to exclude him from participation in the program, or deny him the benefits of its

services.  (*Id*.)  Rather, Plaintiff alleges that he participated in the program, and received the

benefits of its services, for nearly a year (i.e., between approximately December 2006 to October

---

[10]     The Court notes that, in 2006, the Supreme Court further refined the test set forth
in *Lane*.  Specifically, in *United States v. Georgia*, 546 U.S. 151 (2006), the Supreme Court
stated, "Insofar as Title II creates a private cause of action for damages against the States for
conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state
sovereign immunity."  *United States v. Georgia*, 546 U.S. 151, 159 (2006) [emphasis in
original].

2007).  (*Id*.)  Moreover, even if he has alleged facts plausibly suggesting such an exclusion or

denial, he has not alleged facts plausibly suggesting that he was discriminated against *because of*

his disability.  (*Id*.)  He alleges no facts plausibly suggesting that VESID employees made

comments to him based on his cancer, depression, and a generalized anxiety disorder.  (*Id*.)

Rather, his allegations pertain to comments regarding his age.  (*Id*.)  More specifically, he

alleges that two employees of VESID told him that his age would be a factor (among many

employment factors) considered by "building principals" in deciding whether to hire him for an

entry level job while he was completing additional training on the graduate level to obtain a

teaching position.  (*Id*.)  Such a tempered observation is not discrimination *because of* age.

Moreover, the Court notes that advanced age, in and of itself, is not a recognized "disability" for

purposes of Title II of the ADA.[11]

 For these reasons, the Court finds that Plaintiff's Complaint must be dismissed.

**B.** **Dismissal Without Prior Leave to Amend**

 Generally, before a district court dismisses a *pro se* civil rights complaint, the Court will

first permit the plaintiff to amend his complaint.  *See Gomez v. USAA Fed. Savings Bank*, 171

F.3d 794, 796 (2d Cir. 1999).[12]  However, such an opportunity to amend is not required where

---

[11] 29 C.F.R. Pt. 1630, App. § 1630.2(h) (2009) ("Advanced age, in and of itself, is not an impairment [for purposes of the ADA]."); *Lee v. Se. Pa. Transp. Auth.,* 418 F. Supp.2d 675, 679 (E.D. Pa. 2005) ("Age alone, however, is not a disability for purposes of the ADA."); *N.A.A.C.P. v. Phila. Bd. of Elections*, 97-CV-7085, 1998 WL 321253, at *4 (E.D. Pa. June 16, 1998) ("Being over the age of 65 is not in and of itself an impairment [for purposes of the ADA] . . . ."); *Zatarain v. WDSU-Television, Inc.*, 881 F. Supp. 240, 242 n.1 (E.D. La. 1995) ("For the purposes of the ADA, 'advanced age' is not in and of itself an impairment . . . .").

[12] The Court recognizes that Fed. R. Civ. P. 15(a)(1) affords a plaintiff the right to amend his complaint once as a matter of course before he has been served with a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  However, here, a responsive pleading–i.e., Defendant's

the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.

As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied.").[13]

---

Answer–has already been filed.  (Dkt. No. 21.)

[13]      The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007).  *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir.

This rule applies even to *pro se* plaintiffs.  *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355 at \*1.  While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[14] it does not completely relieve a *pro se* plaintiff of the duty to comply with the Federal Rules of Civil Procedure and Local Rules of Practice.[15]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, even *pro se* civil rights plaintiffs must follow such procedural rules.[16]

Here, for the reasons discussed above in Part III.A. of this Decision and Order, the Court finds that the deficiencies with Plaintiff's rather-detailed claims against Defendant are

---

1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]).  Thus, this standard does not appear to be an accurate recitation of the governing law.

[14]    *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at \*5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

[15]    *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8); *accord, Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord, Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[16]    *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord, Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Fed. R. Civ. P. 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

substantive in nature, not merely formal.  *See Nicolae*, 2005 WL 1311730, at \*2 ("Whereas,

ordinarily, the Court would allow a plaintiff an opportunity to amend his Complaint . . . , it need

not afford that opportunity here where it is clear that the Court lacks jurisdiction.").

The Court notes that, even if Plaintiff were to amend his Complaint so as to name as

Defendants the four employees of VESID described above in Part I.A. of this Decision and

Order, those claims would also be barred by the Eleventh Amendment because they clearly

would be claims against those employees in the official capacities, based on the factual

allegations of Plaintiff's Complaint.

Finally, the Court notes that it granted Plaintiff a seven-month extension of the deadline

by which to file a motion to amend his Complaint in accordance with the Federal Rules of Civil

Procedure and Local Rules of Practice for this Court.[17]  (Text Order filed Oct. 15, 2009.)

However, Plaintiff has neglected to file such a motion, failing to file and serve (1) a Proposed

Amended Complaint that was a complete pleading and that was intended to supersede his

original Complaint in all respects, and (2) an affidavit setting forth specifically the proposed

amendments.  (Text Order filed Nov. 3, 2009.)

For each of these alternative reasons, the Court finds that it would be futile to provide

Plaintiff with a further opportunity to amend his claims before dismissal; and the Court dismisses

Plaintiff's Complaint without doing so.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 58) is **GRANTED**; and it is

---

[17]    Specifically, the Court extended this deadline from March 30, 2009, to November 2, 2009.  (*See* Dkt. No. 40 at 1; Text Order filed Oct. 15, 2009.)

further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**; and it is further

      **ORDERED** that Plaintiff's #[68] Letter motion requesting that mediation be resumed is

hereby **<u>DENIED</u>** as moot.

Dated: December 21, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge